UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Thomas R. Holt,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br><br>ARES Security Corporation, and<br>Benedict A. Eazzetta<br>　　　　　　Defendants. | Civil Action No.: 7:17-cv-03173-AMQ<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on the Partial Motion to Dismiss of ARES Security Corporation and Benedict A. Eazzetta ("Defendants"). (ECF No. 13.) Thomas R. Holt ("Plaintiff") filed and served a Complaint with a thorough and detailed set of facts regarding the dispute that forms the basis of this lawsuit. (ECF No. 1.) Plaintiff alleged nine causes of action against Defendants. This Motion pertains to two of those causes of action: Plaintiff's eighth cause of action for violation of the South Carolina Unfair Trade Practices Act ("SCUTPA") and ninth cause of action for wrongful discharge in violation of public policy ("WDPP"). For the following reasons, the Court grants Defendants' Partial Motion to Dismiss. (ECF No. 13.)

## I. STANDARD OF REVIEW

**Motion to Dismiss for Failure to State a Claim**

A plaintiff's complaint should set forth "a short and plain statement. . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

1

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556)). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). However, a court "'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Philips v. Pitt Cty. Mem'l Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir.2006)) (modification in original). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

## II. DISCUSSION

**A. South Carolina Unfair Trade Practices Act**

Defendants' move to dismiss Plaintiff's claim under the South Carolina Unfair Trade Practices Act, arguing that the SCUTPA does not apply in the employer-employee context. (ECF No. 13-1 at 6.) In order to state a claim under SCUTPA, a Plaintiff must establish that: (1) the defendant engaged in an unlawful trade practice; (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest. S.C. Code § 39-5-140; *Havird Oil Co. v. Marathon Oil Co*., 149 F.3d 283, 291 (4th Cir.

1998). Decisions from this District and from the South Carolina appellate courts have consistently held that disputes arising between employers and employees are private matters that fall outside the scope of SCUTPA. *Ramsey v. Vanguard Servs.*, Inc., No. 8:07-CV-00265-GRA, 2007 WL 904526 at *3 (D.S.C. 22, 2007) (unpublished) (dismissing SCUTPA claim and noting that "South Carolina law clearly establishes that issues involving the employer/employee relationship fall outside the scope" of the Act"); *Uhlig LLC v. Shirley*, No. 6:08-CV-01208-JMC, 2011 WL 1119548, at *9 (D.S.C. Mar. 25, 2011) (unpublished) (holding that disputes arising between employers and employees are private matters that fall outside the scope of the SCUTPA); *Miller v. Fairfield Communities, Inc.,* 382 S.E.2d 16, 20 (S.C. Ct. App. 1989) (affirming summary judgment on a SCUTPA claim because an "employer employee relations matter…is not covered" by the Act), *cert. dismissed,* 397 S.E.2d 377 (S.C. 1990); *Davenport v. Island Ford, Lincoln Mercury, Inc.,* 465 S.E.2d 737, 740 (S.C. 1995) (stating that the employer-employee relationship does not fall within the intended scope of the SCUPTA).

Here, Plaintiff does not dispute that Defendants' alleged violation of SCUTPA arose out of an employer-employee context. Instead, Plaintiff argues that his employer-employee relationship with Defendants is not determinative and that his SCUPTA claim should not be dismissed since he has adequately pled that the public interest is affected by Defendants' alleged violation of the SCUTPA.[1] The Court disagrees. In his Memorandum in Opposition to Partial Motion to Dismiss, Plaintiff cited a number of cases for the proposition that pleading and ultimately proving that alleged unfair and deceptive conduct that impacts the public interest can support a SCUTPA claim. (ECF No. 20 at 10.) The Court agrees with that position as a general

---

[1] In support of his claim that the public interest is affected, Plaintiff alleges that his employer's alleged wrongful acts in violation of the SCUTPA are capable of repetition. Since the Court grants Defendants' motion on other grounds, it declines to address whether Plaintiff adequately pled that the alleged wrongful conduct was capable of repetition.

rule. However, none of the cases cited by Plaintiff involved employment disputes. Based on *Ramsey*, *Miller* and *Davenport*, it appears well settled under South Carolina law that disputes between and employers and employees are considered private matters that fall outside the scope of the SCUTPA. Thus, even if all of Plaintiff's allegations are accepted as true and all reasonable factual inferences from those facts are construed in favor of Plaintiff, Plaintiff still cannot prove facts that would support relief under the SCUTPA. Accordingly, Defendants' motion to dismiss Plaintiff's SCUTPA claim is granted.

**B. Wrongful Discharge in Violation of Public Policy**

Next, Defendants seek dismissal of Plaintiff's cause of action for WDPP. In his Complaint, Plaintiff alleges that he was wrongfully terminated when Defendant ARES terminated him in retaliation of exposing certain misconduct of Defendants. Defendants' motion asserts that Plaintiff is an at-will employee and cannot assert a claim for wrongful termination unless such termination violates South Carolina public policy. Defendants assert that Plaintiff has not and cannot plead any such public policy that Plaintiff's termination violates.

The first issue for the Court to address is whether Plaintiff was an at-will employee. Plaintiff's Complaint alleges the existence of an employment contract which is typically inconsistent with at-will status. However, during the May 2, 2018, hearing on Defendants' motion, Plaintiff asserted and Defendants agreed that, despite the existence of the contract, Plaintiff was nonetheless at-will because the contract was for an indefinite period of time. *See Small v. Springs Industries, Inc*. 388 S.E. 2d 808, 810 (S.C. 1990); *Payne v. FMC Corp.,* No. 1:90-CV-882-6, 1991 WL 352415, at *4 (D.S.C. July 12, 1991) (unpublished).

Generally, an at-will employee may be terminated at any time for any or for no reason, with or without cause. *Mathis v. Brown & Brown of S.C., Inc.*, 698 S.E.2d 773, 778 (S.C. 2010).

4

However, under South Carolina law, an exception to an employer's right to terminate an at-will employee with or without cause can exist if such termination is a retaliatory discharge that violates a clear mandate of public policy. *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213 (S.C. 1985). The South Carolina Supreme Court has expressly recognized at least two situations in which an action for wrongful discharge in violation of public policy can be maintained: (1) when an employer requires an employee to violate a criminal law as a condition of maintaining employment, *see id.* at 214–216, and (2) when the act of terminating an employee is itself in violation of a criminal law. *Culler v. Blue Ridge Elec. Coop., Inc*., 422 S.E.2d 91, 92–93 (S.C. 1992). A plaintiff who fails to allege that (1) he was required to violate a criminal law or (2) that his termination itself was in violation of a criminal law, must establish that his termination constitutes a violation of a clear mandate of public policy. *See Desmarais v. Sci. Research Corp.*, 145 F. Supp. 3d 595, 599 (D.S.C. 2015).

In order to allege a violation of a clear mandate of public policy, a plaintiff must identify and state a source of a clear mandate of public policy, *Id.* at 599, or "set forth specific allegations that would enable the court to determine what public policy was violated." *McNeil v. South Carolina Dept. of Corrections.*, 743 S.E. 2d 843, 850 (S.C. Ct. App. 2013).[2] Significantly, a clear

---

[2]Other courts in South Carolina have found that a plaintiff's failure to identify the source of a clear mandate of public policy merits dismissal. *See, e.g., Riley v. S. Care, Inc*., No. 3:13–cv–00357, 2013 WL 1809788, at *6 (D.S.C. Apr. 29, 2013) (unpublished) ("Plaintiff does not direct the court to any other source of a clear mandate of public policy. Under these circumstances, the court finds that Plaintiff's claim for wrongful termination in violation of public policy fails as a matter of law."); *Smalley v. Fast Fare, Inc.*, No. 8:88–cv–2185–3, 1988 WL 220237, at *2 (D.S.C. Dec. 22, 1988) (unpublished) ("[I]n the absence of an appropriate declaration by the South Carolina courts or the General Assembly, the Plaintiff has failed to establish any public policy of South Carolina allegedly violated by the Defendant."); *Bouknight v. KW Assocs.*, No. 3:16-cv-0210-CMC-PJG, 2016 WL 3344336, at *8 (D.S.C. June 16, 2016) (unpublished) (dismissing WDPP claim in part because plaintiff failed to cite to a specific and clear mandate of public policy).

mandate of public policy is one that has been expressed by the General Assembly or the Judiciary. *Desmarais* at 598. In *McNeil*, the Court explained that the requirement of an expressed policy was to avoid circumstances in which an "employee could circumvent the employment at-will doctrine by merely asserting a termination was retaliatory in violation of a clear mandate of public policy and contend it was a novel issue in this state." *McNeil* at 847.

Plaintiff argues paragraphs 26-35 of his Complaint state contain sufficient allegations of the violation of public policy element of his WDPP claim. However, those allegations, even if accepted as true, do not allege that Plaintiff was required to violate a criminal law or that his termination itself was in violation of a criminal law. Further, in those paragraphs Plaintiff has not identified a clear mandate of public policy that was violated by his termination or set forth specific allegations that would enable the Court to determine the public policy that was violated by Defendants' alleged conduct.

Further, a review of the allegations cited by Plaintiff indicate that his reports of the alleged wrongdoing by Defendants were internal. This Court has held on multiple occasions that reports to one's supervisors or co-workers is insufficient to support a claim for wrongful discharge in violation of public policy. *See Greene v. Quest Diagnostics Clinical Labs., Inc.*, 455 F. Supp. 2d 483, 488 (D.S.C. 2006); *Mensack v. S.C. Dep't of Mental Health,* No. 3:16-cv-0723-CMC-KDW, 2016 WL 4374845 at *22-23 (D.S.C. 2016) (unpublished); *Desmarais,* 145 F. Supp. 3d at 600; *Riley v. S. Care, Inc.*, No. 3:13–cv–00357–CMC, 2013 WL 1809788 (D.S.C. April 29, 2013) (unpublished); *Springer v. Pelissier*, No. 6:10–cv–01303–JMC, 2011 WL 2601895, *10 (D.S.C. July 1, 2011) (unpublished).

Last, Plaintiff argues that it would be premature to dismiss a wrongful discharge claim at the Rule 12(b)(6) stage of the case, asserting that further factual development would be more appropriate. The Court disagrees. Under the Supreme Court and Fourth Circuit authority cited above, the Court should grant a Rule 12(b)(6) motion if the allegations, accepted as true and construed in the plaintiff's favor, do not state a claim that is plausible on its face. For the reasons cited above, the Court finds that the Complaint does not state a WDPP claim that is plausible on its face. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's WDPP cause of action.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Eighth and Ninth Causes of Action.

IT IS SO ORDERED

<u>s/A. Marvin Quattlebaum, Jr</u>.
United States District Judge

June 1, 2018
Greenville, South Carolina